IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

NED CHARLES McNULTY II,

                                                ORDER
                        Petitioner,
                                                14-cv-390-bbc
            v.

WISCONSIN,

                        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Ned Charles McNulty II has filed a petition for a writ of habeas corpus under 28

U.S.C. § 2254 in which he challenges his 2011 civil commitment.  According to Wisconsin's

online court records, petitioner pleaded guilty to arson but then the court found him "not

guilty by reason of mental disease or defect" under Wis. Stat. § 971.17 and "committed

[petitioner] to the care and custody of the Department of Health Services for a period of 25

years with institutional care."  State v. McNulty, Case no. 2010CF219 (Dane Cty. Cir. Ct.).

Petitioner is now confined at the Mendota Mental Health Institute in Madison, Wisconsin.

        Petitioner has paid the $5 filing fee, so his claim is ready for screening under Rule 4

of the Rules Governing Section 2254 Cases. Petitioner asserts four claims:  (1) "the police

officers failed to read me my Miranda rights at any time"; (2) "the Milwaukee police officers

were in my apartment from 0815—1100"; (3) "the police officers + detectives never

verbalized why I was being taken into custody"; and (4) "Judge David Hansher never read

1

me the consequences of the NGI plea."

McNulty's petition has numerous problems.  First, a habeas petition is limited to challenges to a prisoner's custody.  In other words, a person may not use a habeas petition to obtain relief unless victory in the litigation would entitle the petitioner to a change in the duration of his confinement.  <u>Richmond v. Scibana</u>, 387 F.3d 602, 605 (7th Cir. 2004).  In this case, petitioner does not explain how the first three claims, which seem to be related to investigation of the arson, could affect the validity or duration of his commitment.  In fact, petitioner seems to acknowledge that his first three claims do not belong in a habeas petition because he is proceeding on similar claims arising out of the same events in a case brought under 42 U.S.C. § 1983 in the Eastern District of Wisconsin.  <u>McNulty v. Schimke</u>, No. 13-cv-1295 (E.D. Wis.).  Further, because petitioner admitted guilt to the arson, he waived any constitutional violations that may have occurred leading up to the plea.  <u>McCloud v. Deppisch</u>, 409 F.3d 869, 871 (7th Cir. 2005) ("The general rule in Wisconsin is that a guilty plea waives all non-jurisdictional defects and defenses, including claims that the defendant's constitutional rights were violated prior to the plea.").

Petitioner's fourth claim that the trial court did not explain the consequences of the plea could affect the validity of his plea.  <u>Cropp v. Duckworth</u>, 932 F.2d 971 (7th Cir. 1991) (guilty plea may be invalid if defendant is not aware of consequences of plea that "have an effect on the length or nature of the sentence").  However, petitioner does not identify any particular consequence about the length or nature of his sentence of which he was unaware when he made the plea and he does not allege that he would have changed his plea if he had

been aware of additional information.

A second problem with the petition is that it is untimely. Petitions brought under §
2254 have a one-year statute of limitations, but it has been three years since petitioner's
judgment became final. 28 U.S.C. § 2244(d)(1)(A). That deadline may be extended if the
state prevented the petitioner from filing earlier, if the Supreme Court has recognized a new
constitutional right or if the petitioner has discovered new facts supporting his claim, §
2244(d)(1)(B)-(D), but petitioner does not allege any of those circumstances. In addition,
the deadline for filing a habeas petition may be tolled if the prisoner shows that "he has been
pursuing his rights diligently" and that "some extraordinary circumstance stood in his way
and prevented timely filing," Holland v. Florida, 560 U.S. 631 (2010), but plaintiff does not
allege that either. He says that none of his lawyers told him that he could file a § 2254
petition, but the Court of Appeals for the Seventh Circuit has held that a petitioner must
make his own efforts to pursue timely habeas relief, regardless what his lawyer told him.
Taylor v. Michael, 724 F.3d 806, 810-11 (7th Cir. 2013). Although mental incompetence
may excuse a late petition under some circumstances, petitioner does not allege that he was
unable to file a petition earlier because of a mental impairment. On its own, ignorance of
the deadline is not a sufficient excuse. Davis v. Humphreys, 747 F.3d 497, 499-500 (7th
Cir. 2014).

Although petitioner could amend his petition to include missing allegations related
to the merits and the statute of limitations, it would be pointless to do so in this case
because petitioner concedes that he has not exhausted his administrative remedies. Under

3

28 U.S.C. § 2254(b)(1)(A), a prisoner may not file a § 2254 petition in federal court until he has presented his claim to the state courts.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).  In this case, petitioner admits that he did not appeal the judgment to the Wisconsin Court of Appeals or the Wisconsin Supreme Court.  If a petitioner has failed to present his claim to the state courts, a federal court cannot reach the merits of that claim unless the petitioner demonstrates (1) cause for the default and actual prejudice from failing to raise the claim as required or (2) that enforcing the default would lead to a "fundamental miscarriage of justice."  Steward v. Gilmore, 80 F .3d 1205, 1211-12 (7th Cir. 1996) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)).

The only reason petitioner gives for failing to appeal is that he "didn't know [he] could."  To the extent petitioner means to allege that his trial counsel failed to help him with an appeal, ineffective assistance of counsel can establish "cause" for a procedural default. However, in Edwards v. Carpenter, 529 U.S. 446 (2000), the Supreme Court held that because the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is itself a constitutional claim, the petitioner must have raised this claim first to the state court or he has procedurally defaulted it.  Id. at 452-53.  Petitioner does not allege that he has presented a claim of ineffective assistance of counsel to the state courts.

Thus, the question is whether petitioner still may exhaust an ineffective assistance of counsel claim by presenting it to the state courts.  28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he

has the right under the law of the State to raise, by any available procedure, the question presented"). Wisconsin's statute governing post conviction motions, Wis. Stat. § 974.06, allows defendants to attack their convictions collaterally on constitutional grounds after expiration of the time for seeking a direct appeal or other post conviction remedy. However, a petitioner is procedurally barred from raising a claim in a post conviction motion that he could have raised on direct appeal unless he has a "sufficient reason" for not raising the issue on direct appeal. State v. Escalona-Naranjo, 185 Wis. 2d 168, 185, 517 N.W.2d 157, 164 (1994); Wis. Stat. § 974.06(4). Ineffective assistance of post conviction or appellate counsel may provide a sufficient reason. State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 682, 556 N.W. 2d 136, 139 (Ct. App. 1996) (describing procedure for challenging effectiveness of post conviction counsel); State v. Knight, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992) (appellate counsel). Thus, there are avenues of relief available to petitioner in the state courts through which he could present his claim that his lawyer was ineffective for failing to raise his claims on appeal. The fact that the state courts may not rule in petitioner's favor does not mean he can ignore the exhaustion requirement. Cawley v. DeTella, 71 F.3d 691, 695 (7th Cir. 1995); White v. Peters, 990 F.2d 338, 342 (7th Cir. 1993). Accordingly, I am dismissing the petition for petitioner's failure to exhaust his administrative remedies in the state court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2); <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that petitioner has not yet exhausted his state court remedies.  Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Petitioner Ned Charles McNulty II's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for petitioner's failure to exhaust his remedies in state court.

2.  Petitioner is DENIED a certificate of appealability. Petitioner may seek a

certificate from the court of appeals under Fed. R.App. P. 22

Entered this 29th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge